## BLACK STAR COAL CO. v. STEELE.
### No. 7521.

Circuit Court of Appeals, Sixth Circuit.

Nov. 10, 1938.

J. B. Snyder, of Harlan, Ky. (Cleon K. Calvert, of Pineville, Ky., on the brief), for appellant.

W. R. Lay and James S. Golden, both of Pineville, Ky. (Golden & Lay, of Pineville, Ky., on the brief), for appellee.

Before HICKS, SIMONS, and ALLEN, Circuit Judges.

SIMONS, Circuit Judge.

The appellant complains of a judgment in damages for injuries suffered by one of its employees, who was also a tenant upon its property, while crossing a stile built and maintained by the appellant for the purpose of permitting ingress and egress to a fenced portion of its land. The substantial error assigned is the failure of the court to direct the jury, which found for the plaintiff, to render a verdict in its favor.

The appellant operates a coal mine at Alva, Kentucky, and maintains upon its premises a mining camp for the housing of its employees. The camp is in two sections, each surrounded by a wire fence about five feet high with a strand of barbed wire at the top. The sections are separated from each other by the tracks of the L. & N. Railroad and a public highway, and as exits and entrances to each there are at intervals gates and stiles over the fences. The plaintiff lived in a house rented from the appellant in one section of the camp. On the night of November 10, 1934, he had visited his son-in-law in the other section and then went for a visit to the home of his friend and fellow employee Mabes, his son-in-law's neighbor. The plaintiff and Mabes had been on terms of social intimacy for a long time and frequently visited each other. That afternoon they had been driving together. After leaving the Mabes home the plaintiff followed a beaten pathway, which connecting with other paths from homes in this section led to the stile over the fence where he was injured. The steps of the stile on the far side of the fence had been torn away some ten days previously by boys in a Hallowe'en prank, and had not been replaced. Unaware of this, the plaintiff stepped out into space, was precipitated to the ground, and suffered injuries. There was evidence that the steps had been constructed by the appellant not merely for the use of the tenants in the north camp but for the use of people generally, and that from 100 to 200 persons daily crossed the stile.

The appellant's motion for directed verdict was supported, first, by the contention that the petition failed to state a cause of action in that the plaintiff was therein described as an employee and as a tenant of the appellant, and since the appellant owed him no duty as a tenant at the place

of injury and he was not at that time engaged on his employer's business, the suit was wrongly planted; and second, by the contention that the plaintiff was a mere licensee in the section of the camp visited at. the time of the accident, and as such the appellant as owner of the premises owed him no duty except to refrain from wilfully or wantonly causing him injury.

■ The first contention is wholly without substance. The petition sets forth with sufficient particularity the manner of the accident, and counts on obligation toward the plaintiff with respect to due care in the maintenance of the stile. The mere fact that the plaintiff therein described himself as an employee and likewise as a tenant of the defendant, and alleged a duty imposed by law upon the defendant for the protection of himself and fellow tenants and employees, imparts thereto no infirmity and does not preclude proof of a failure of duty toward the plaintiff in some other capacity or as one of the general public.

■ Under Kentucky law an invitee as distinguished from a licensee, is one who goes upon the premises of another either at the express or implied invitation of the owner or occupant on the business of the owner or occupant or for their mutual concern. Meyers' Company v. Logue's Adm'r, 212 Ky. 802, 280 S.W. 107. It is conceded that the owner of premises owes a duty to an invitee to use ordinary care to keep the premises safe for his use within the limits of the invitation. There was here no express invitation on the part either of the appellant or of its tenant for the plaintiff to visit the Mabes home. It would be applying strange doctrine, however, either in Kentucky or elsewhere, to decide that social intimates have no implied invitation to visit each other, especially in circumstances which indicate the visitor to be welcome, or that a social visit advantages the guest but never the host, and no Kentucky case so holds. The plaintiff was clearly more than a mere licensee, and this case must be decided on the principle applied in Louisville & N. Railroad Company v. Snow's Administrator, 235 Ky. 211, 30 S.W.2d 885, rather than aligned with cases typified by Meyers' Co. v. Logue's Adm'r, supra; Johnson v. Paducah Laundry Co., 122 Ky. 369, 92 S.W. 330, 5 L.R.A.,N.S., 733, and Indian Refining Co. v. Mobley, 134 Ky. 822, 121 S.W. 657, 24 L.R.A.,N.S., 497. There was no error in the denial of the motion for summary judgment nor in the instructions of the court upon the applicable law.

The judgment is affirmed.